IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DEBORAH G. BARNES,**

    **Plaintiff,**

**vs.**                                               **Case No.  4:22cv78-AW-MAF**

**LEON COUNTY SCHOOL BOARD, et al.,**

    **Defendants.**
_____/

## SECOND REPORT AND RECOMMENDATION

*Pro se* plaintiff, Dr. Deborah G. Barnes—an African-American educator with the Leon County School system—is proceeding on a Sixth Amended Complaint ("Complaint"), ECF No. 38, in this discrimination and retaliation action removed from state court by Defendants Leon County School Board ("LCSB") and two of its officials—Superintendent James Hanna ("Hanna") and Assistant Superintendent Gillian Gregory ("Gregory"). ECF No. 1.  Pending before the Court is Defendants' Motion to Dismiss or in the Alternative Motion to Strike Plaintiff's Sixth Amended Complaint. ECF No. 40.  Plaintiff has responded in opposition, ECF No. 42, so the motion is ripe for resolution.  Upon due consideration, the undersigned

2

respectfully **RECOMMENDS** that Defendants' Motion be **GRANTED IN PART**.

I. BACKGROUND FACTS

For context, Plaintiff is an African-American woman who was fifty-four (54) years of age when Defendants allegedly discriminated against her by failing to promote her to school principal because of her race, sex, and age. *See* ECF No. 16 ¶¶ 7, 30.  Plaintiff also alleges that Defendants retaliated against her after she complained about alleged discrimination that took place during the principal selection process.  ECF No. 38 at 17-24.

Plaintiff's Sixth Amended Complaint is comprised of five (5) counts: (1) Count I: Age discrimination against LCSB under the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01-760.11, as amended ("FCRA"); (2) Count II: Age discrimination against LCSB under the Age Discrimination in Employment Act of 1967, § 2 *et seq.*, 29 U.S.C.  § 621, *et seq.* ("ADEA"); (3) Count III: Race-and-sex discrimination against all Defendants in violation of the Fourteenth Amendment under 42 U.S.C. § 1983; (4) Count IV: Race discrimination and retaliation against all Defendants under 42 U.S.C. § 1981; and (5) Count V: Retaliation against all Defendants under

3

42 U.S.C. § 1981. ECF No. 38.[1] For relief, Plaintiff seeks monetary damages (compensatory, economic, and punitive), reasonable costs and fees, and "[a]n order enjoining Defendants from engaging in unlawful acts complained of" in the Complaint. *Id.* at 23.

## II.    DISCUSSION

### A.    Defendants' Motion to Dismiss or Strike, ECF No. 40

Unlike Defendants' prior motion to dismiss, ECF No. 18, Defendants do not attack the sufficiency of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6). *See* ECF No. 40. Instead, Defendants ask the Court to dismiss Plaintiff's case "in its entirety with prejudice" for her failure to comply with Federal Rule of Civil Procedure 8 and court orders. *Id.* at 5. In the alternative, Defendants ask the Court to strike Plaintiff's Complaint for the same reasons. *Id.* at 3.[2]

---

[1] The Court granted Plaintiff leave to amend her race-and-sex discrimination claims asserted against the LCSB under Title VII and the FCRA, but she failed to include these claims in the Sixth Amended Complaint. *See* ECF No. 30 at 5; ECF No. 38.

[2] Plaintiff is not proceeding *in forma pauperis,* so the mandatory screening provisions of 28 U.S.C. 1915(e)(2) do not apply.

Case No. 4:22cv78-AW-MAF

4

Defendants contend that some of Plaintiff's allegations in the Sixth Amended Complaint relate to principal promotion decisions made outside of the time-period for which Plaintiff administratively exhausted her claims. ECF No. 40 at 3-4.  While Defendants acknowledge that Plaintiff exhausted her administrative remedies as to decisions made in 2019-2020, beyond that time frame, Defendants contend that Plaintiff did not.  *Id.* at 3.  Because the exhaustion question is a pivotal one, the Court addresses it first.

    1.    <u>Dismissal of the complaint is appropriate for failure to comply with court orders regarding unexhausted claims</u>.

Defendants argue that the Sixth Amended Complaint should be dismissed because Plaintiff defied courts orders that she clarify whether she seeks relief in this lawsuit for actions taken outside of the 2019-2020 school year, because, if so, she improperly seeks relief for unexhausted claims.  ECF No. 40 at 3-4.  Specifically, Defendants point to Plaintiff's allegations regarding principal selection processes conducted in 2018 and 2021, which were not included in Plaintiff's charge of discrimination filed with the Florida Commission on Human Relations on April 26, 2020.  *Id.*

5

Because Plaintiff exhausted her administrative remedies only as to the principal selection process from 2019-2020, Defendants maintain that Plaintiff cannot seek relief from this Court for any 2018 or 2021 decisions. ECF No. 40 at 3-4.

This Court has twice ordered Plaintiff to clarify in her amended pleading whether she intends to pursue claims based on hiring decisions made outside of the 2019-2020 school year in order to resolve the exhaustion question. *See* ECF No. 30 at 2; ECF No. 37 at 4. Notwithstanding the Court's clear directive, Plaintiff's Sixth Amended Complaint contains allegations stemming from principal selection processes that occurred in 2018 and 2021. *See* ECF No. 38 at 14-15, 19-20. In her response to Defendant's motion, however, Plaintiff now maintains that: "Plaintiff make (sic) clear that 2018 and 2019 was not part of the lawsuit complaint." ECF No. 42 at 5 ¶ 13; *see id.* ¶ 14 ("Defendant[s'] claims of 2018 and 2021 not being properly exhausted was not in dispute and was not part of the lawsuit filed with the Equal Employment Opportunity Commission ("EEOC") and the Florida

6

Commission Human Resource Division of Civil Rights for age, race and retaliation for 2019-2020 for failure to promote.").

Plaintiff's contradictory statements made in the Complaint and her instant Response fail to clarify the exhaustion issue as ordered by the Court. Plaintiff's operative complaint still appears to seek relief for unexhausted claims notwithstanding the statements made in her response to Defendants' motion.[3] Thus, the Sixth Amended Complaint should be dismissed for failure to comply with prior Orders of this Court and because Plaintiff is attempting to litigate unexhausted claims. *See Foudy v. Indian River Cty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) ("Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order.") (citations omitted); Fed. R. Civ. P. 41(b). *See*

---

[3] "A complaint may not be amended by briefs in opposition to a motion to dismiss." *Gibbons v. McBride*, 124 F. Supp. 3d 1342, 1381 (S.D. Ga. 2015) (citing *Huls v. Llabona*, 437 F. App'x 830, 832 n.5 (11th Cir. 2011) (per curiam) (stating that an argument raised for the first time in response to defendant's motion to dismiss, instead of in an amended complaint, was not properly raised before the district court and would not be considered on appeal); *Fleming v. Dowdell*, 434 F. Supp. 2d 1138, 1148 n.9 (M.D. Ala. 2005) (noting that dismissal of the Fourth Amendment claim was proper because "[a] complaint may not be amended by briefs in opposition to a motion to dismiss or motion for summary judgment.") (citations omitted)).

7

*also, H&R Block v. Morris*, 606 F.3d 1285, 1295 (11th Cir. 2010) (exhaustion is pre-suit requirement in employment discrimination case).

    2.    <u>Dismissal of the case with prejudice is not warranted at this time</u>.

Dismissal of the entire case with prejudice because of an alleged failure to comply with Federal Rule of Civil Procedure 8's pleading requirements or for failure to comply with this Court's prior Orders is a separate question. As noted below, Plaintiff has complied with the minimum pleading requirements of Rule 8, and dismissal with prejudice is simply not appropriate at this juncture.

    a.    *The complaint satisfies the pleading requirements of Federal Rule of Civil Procedure 8.*

Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). If it cannot be determined from the complaint which facts support which claim, and which claims are being brought against which defendants, then dismissal is warranted. *See, e.g.,*

8

*Peavy v. Black*, No. 8:09-cv-1975-T-30AEP, 2011 WL 2457901, at *1-2 (M.D. Fla. Jun. 20, 2011) (dismissing *pro se* complaint for failure to comply with Fed. R. Civ. P. 8(a)).  Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *Ward v. Select Portfolio Serv., Inc.,* 690 F. App'x 649 (11th Cir. 2017) (per curiam) (citing *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964 (2007)).

Although the Sixth Amended Complaint is inartful and confusing, Plaintiff's allegations relate to each of her claims for age, race, and sex discrimination—as well as her claims for retaliation—and therefore meet the minimum pleading requirements of Rule 8.  Plaintiff has provided a short statement invoking the court's jurisdiction, ECF No. 38 at 3-4; Plaintiff has parsed her discrimination and retaliation claims into five distinct counts, *id.* at 9-24; Plaintiff has set forth facts as to each Defendant's role in the alleged discriminatory and retaliatory conduct, *id*. at 9-24; and Plaintiff has made a cogent prayer for relief, *see id*. at 23. That is all that is required

under Rule 8. Plaintiff has given Defendants "fair notice" of what her claims are and the grounds on which each claim rests.

Specifically, Plaintiff alleges that Gregory and Hanna unlawfully failed to promote her to school principal because she was a 54-year-old, African-American, female. Plaintiff says that Gregory "low balled" her interview score for discriminatory reasons, ECF No. 38 at 2 ¶ 1, and that Hanna, knew about Gregory's alleged discriminatory treatment of Plaintiff but failed to correct it, *id*. at 5 ¶ 18. Further, Plaintiff alleges that Defendants retaliated against her when she complained about the discrimination she allegedly experienced during the principal selection process. *Id*. at 1 ¶ 1. These allegations meet the minimum pleading requirements of Rule 8. Accordingly, Plaintiff's case is not due to be dismissed on Rule 8 grounds.

    b.    *Plaintiff has not engaged in willful, contumacious conduct at this juncture.*

Next, Defendants contend that dismissal with prejudice is appropriate because Plaintiff (beyond the exhaustion question) "failed on several occasions to comply with the Court's orders regarding amendment of her complaint." ECF No. 40 at 5 ¶ 10. In support of this argument, Defendants

supply two examples of Plaintiff's alleged noncompliance.  First, Defendants say that Plaintiff ignored the Court's directive not to refer to documents outside of the Complaint.  ECF No. 40 at 3.  Second, Defendants point to Plaintiff's age-related allegations given as support for her § 1983 claims, which Defendants say fly in the face of the Court's dismissal of Plaintiff's § 1983 age-discrimination claim with prejudice.  *Id.* at 4.[4]  Neither warrants dismissal of this action.

The Court ordered Plaintiff not to "seek to incorporate facts from other documents" into her pleading.  ECF No. 37 at 3.  Despite that admonition, Plaintiff repeatedly refers to outside documents. The outside documents can be sorted into three (3) basic categories.  First, Plaintiff references exhibits attached to her Fourth Amended Complaint, ECF No. 28.[5]

---

[4] Defendants also take issue with Plaintiff's age-related allegations in support of her Section 1981 claims as well as her references to Florida's Whistleblower Act.  ECF No. 40 at 4.  But, these issues were not the subject of a prior court order.

[5] Sixth Amended Complaint references to exhibits to Fourth Amended Complaint are as follows:

> ECF No. 38 ¶ 1, Ex. Q at 86-99 (unredacted interview sheets); ¶¶ 2, 3, Ex. L at 63 (Level II certification program application notice); ¶ 6, Ex. K at 61-62 (May 25, 2022, e-mail); ¶ 16, Ex. Q at 86-99 (unredacted interview sheet), Ex. B at 43-45 (Florida DOE Principal Leadership Standards), Ex. R at 100-08 (DOE points assignments), Ex. C at 49-53 (2016-19 school

Second, Plaintiff refers to the body of her own prior pleadings.[6] Third, Plaintiff cites to this Court's prior recommendations and orders.[7]

Plaintiff failed to heed the Court's instructions regarding referring to outside documents. Most of the references relate to matters that are not essential to the pleading itself. If the information contained in the attachment is necessary, it should be incorporated into the body of the pleading. If it is not, then it should not be necessary at the pleading stage, even though it may ultimately be used as evidence to support an allegation.

---

grades & school graphs); ¶ 17, Ex. C at 49-53 (2016-19 school grades & school graphs); ¶ 21, Ex. L at 63-64 (Principal Qualifications Notice); ¶¶ 28, 34, Ex. Q at 86-99 (unredacted interview sheet); ¶¶ 41, 49, Ex. L at 63 (Level II certification program application notice); ¶ 90, Ex. Q at 86-99 (unredacted interview sheet); Ex. S at 109 (scoring chart); ¶¶ 91, 92, Ex. S at 109 (scoring chart); ¶ 100, Ex. G at 54 (November 2017 e-mails); ¶¶ 101, 103, Ex. Q at 86-99 (unredacted interview sheet).

[6] Sixth Amended Complaint references to body of prior pleadings are as follows:

ECF No. 38 ¶ 12- ECF No. 16 (Third Amended Complaint); ¶ 19- ECF No. 28 at 6-13 (Fourth Amended Complaint); ¶¶ 26, 27- ECF No. 28 at 31 (Chart, Fourth Amended Complaint);¶¶ 29, 39- ECF No. 28 at 15-17 (Fourth Amended Complaint); ¶ 37- ECF No. 28 at 31 (Fourth Amended Complaint).

[7] Sixth Amended Complaint references to prior court rulings are as follows:

ECF No. 38 ¶¶ 15, 30, 38, 55, 58, 59, 71, 72, 93, 94, ECF No. 24 (Report and Recommendation); ¶ 30, ECF No. 32 (Order).

12

But, that need not be fatal to Plaintiff's cause. Exhibits to *pro se* complaints are sometimes considered as part of the pleading even when the court must resolve a Rule 12(b) motion. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for the purposes of Rule 12(b)(6) dismissal"). Often the court will consider "facts gleaned from the [*pro se*] complaint exhibits." *See, e.g., Steiner v. Skaggs*, No. CV 121-004, 2021 WL 1097337, at *1 n.1 (S.D. Ga. Feb. 24, 2021) (citing *Madura v. Bank of Am., N.A.*, 767 F. App'x 868, 870 (11th Cir. 2019) (explaining court may consider exhibits attached to complaint when ruling on motion to dismiss); *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (same)). "Indeed, when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007) (citations omitted). Accordingly, the Court does not think that Plaintiff's failure to comply with its order not to refer to outside documents merits dismissal of this action.

13

Defendants' second illustration of Plaintiff's noncompliance relates to her age-discrimination claims. Defendants say that Plaintiff ignored the Court's prior ruling that her age-discrimination claims may not be asserted under § 1983 but that she continues to refer to her age in support of this claim nonetheless. *See* ECF No. 40 at 2; *see also,* ECF No. 38 at 16 ¶ 86 (alleging that Defendants' custom or practice "was used to deliberately exclude African-American's (sic) over the age of fifty from principal positions."). Plaintiff mentions age in Count III (§ 1983 claims). However, Plaintiff titled Count III as "race sex discrimination in violation of the equal protection claims of the fourteenth amendment . . . under 42 U.S.C. § 1983." ECF No. 38 at 13. Moreover, the majority of Plaintiff's allegations made in support of her § 1983 claims reference race or sex (not age). *See id.* ¶¶ 73, 74, 75, 76, 77, 81, 82, 86, 89, 90. Also in line with the Court's prior ruling, Plaintiff asserts her age-discrimination claims under the FCRA (Count I) and the ADEA (Count II). *Id.* at 8-13. Thus, Plaintiff amended her complaint largely in accordance with the Court's conclusion that her age-discrimination claims arise under the ADEA and the FCRA only.

14

Consequently, Defendants' argument that Plaintiff's case should be dismissed because she mentions age in Count III is unavailing.

The Court cannot yet conclude that Plaintiff has engaged in the kind of willful, contumacious conduct that warrants dismissal of her cause. A district court's dismissal of a *pro se* case is proper "where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999) (per curiam) (citation omitted). "Dismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances." *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985) (citation omitted).

In the case at bar, Plaintiff has not so disregarded this Court's orders such that her case should be thrown out. But, there is a limit. Plaintiff must adhere to the Rules and to the Court's directives or, in fact, face that fate. If given a *seventh* bite at the apple, Plaintiff is warned that failure to comply once again with the Court's directive on the exhaustion question *may result in dismissal of this case with prejudice*. See *Woodroofe v. Fla. Dep't of Fin.*

15

*Servs.,* 774 F. App'x 553, 554 (11th Cir. 2019) (per curiam) (district court must provide notice of its intent to dismiss a case).[8]

### III.   CONCLUSION

Until Plaintiff presents a viable complaint that clearly identifies specific positions for which Plaintiff was not promoted and shows that she exhausted administrative remedies as to those positions, it is not necessary to evaluate whether Plaintiff has stated a *prima facie* case of age discrimination, sex discrimination, or race discrimination.  It is impossible to evaluate these claims in the absence of the requested clarification.  Plaintiff

---

[8] Because the undersigned finds that dismissal of the Sixth Amended Complaint is warranted, Defendant's alternate motion to strike is moot.  Yet, even if the motion were not moot, Defendants do not explain why striking Plaintiff's entire complaint is appropriate under the Rules beyond citing the general proposition that *pro se* litigants must comply with court orders and procedural rules.  *See* ECF No. 40 at 2-3.  Rule 12(f) provides that the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  The Rule is not intended to "procure the dismissal of all or part of a complaint."  *Hutchings v. Fed. Ins. Co.*, No. 6:08-cv-305-Orl-19KRS, 2008 WL 4186994, at *2 (M.D. Fla. Sept. 8, 2008) (citation and internal quotation marks omitted).  Striking allegations from a pleading "is a drastic remedy to be resorted to only when required for the purposes of justice," and only when the stricken allegations have "no possible relation to the controversy."  *Augustus v. Bd. of Pub. Instr. of Escambia Cty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (citation omitted).  A motion to strike should be granted only if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines,* 881 F. Supp. 574, 576 (M.D. Fla. 1995). Defendants did not meet this standard.

must pursue only exhausted claims in this case, and she must specifically identify those positions she contends were improperly withheld from her. Plaintiff should be allowed one final opportunity to amend her pleadings.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Defendants' Motion to Dismiss, ECF No. 40, be **GRANTED IN PART**. The Sixth Amended Complaint should be dismissed for failure to comply with court orders. It is further **RECOMMENDED** that Plaintiff be given 21 days from the date this Report and Recommendation is adopted to file a Seventh Amended Complaint.

**IN CHAMBERS** at Tallahassee, Florida, on September 19, 2023.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

This case was referred to the undersigned for the issuance of all preliminary orders and any recommendations regarding dispositive matters. *See* **N.D. Fla. Loc. R. 72(C)**; *see also* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.