IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DEBORAH G. BARNES,**

    **Plaintiff,**

v.                                    Case No. 4:22-cv-78-AW-MAF

**LEON COUNTY SCHOOL BOARD, et al.,**

    **Defendants.**

_____/

# FINAL ORDER

Pro se Plaintiff Deborah Barnes sued the Leon County School Board, the Leon County Superintendent of Schools, and an Assistant Superintendent, alleging discrimination and retaliation. In the operative complaint—the Eighth Amended—Barnes alleges that Defendants discriminated against her based on age, sex, and race by not promoting her to school principal. ECF No. 50.[1] And when Barnes complained about the discrimination, she claims, Defendants retaliated by again denying her a promotion.

Each side moved for summary judgment, (ECF Nos. 67, 69), and the magistrate judge issued a report and recommendation concluding the court should grant Defendants' motion, (ECF No. 80). Barnes filed objections, and I have

---

[1] The report and recommendation includes a discussion about whether there can be a § 1983 age-discrimination claim. ECF No. 80 at 22-23. But Barnes's operative complaint presents no such claim. ECF No. 50.

1

considered de novo issues raised in those objections. ECF No. 87.² Having carefully considered the parties' arguments, as well as the report and recommendation, I now grant summary judgment for Defendants.

Where, as here, parties file cross-motions for summary judgment, I view the facts in the light most favorable to the non-moving party on each motion. *Cambridge Christian Sch., Inc. v.Fla. High Sch. Athletic Ass'n, Inc.*, 115 F.4th 1266, 1287 (11th Cir. 2024).³ "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment

---

² Barnes moved to add new evidence in response to the report and recommendation. ECF No. 85. Courts need not consider new evidence or arguments submitted after a report and recommendation issues. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009). Barnes has not shown why she could not have submitted her evidence earlier, and I decline to consider it now. Barnes also filed a "Motion on Clarity and Confirmation" concerning the deadline to file objections to the report and recommendation. ECF No. 86. After the deadline, she filed a "Motion in Opposition," ECF No. 87, which she later moved to retitle as objections to the report and recommendation, ECF No. 88. Defendants moved to strike the objections as untimely. ECF No. 89. Although the objections were untimely, as a matter of discretion, I have nonetheless considered them. The motion to strike is thus denied, and the motions for clarity and for retitling are denied as moot.

³ Parties must cite "particular parts of materials in the record" to support factual assertions. Fed. R. Civ. P. 56(c)(1)(A). And the court need only consider cited materials. *Id.* 56(c)(3). In my discretion, I have declined to consider evidence not pinpoint cited in the parties' papers or addressed in this order. *See* N.D. Fla. Loc. R. 56.1(F).

as a matter of law." Fed. R. Civ. P. 56(a). On this record, I conclude Defendants are entitled to summary judgment.[4]

In a circumstantial-evidence discrimination case like this one, there are two methods by which a plaintiff may survive summary judgment: by succeeding under the *McDonnell Douglas* framework[5] or by presenting a convincing mosaic of evidence from which a jury could reasonably find discrimination. *See McCreight v. AuburnBank,* 117 F.4th 1322, 1335 (11th Cir. 2024). Although the analysis differs under the two approaches, they are "two paths to the same destination—the ordinary summary judgment standard." *Id.* Viewing the facts in the light most favorable to Barnes, I conclude she cannot succeed under *McDonnell Douglas* and has not presented a convincing mosaic of evidence from which a reasonable jury could find discrimination.

---

[4] The magistrate judge declined to consider several of Barnes's exhibits, concluding they were inadmissible hearsay or irrelevant. ECF No. 80 at 7. None of the exhibits creates a triable issue, so it makes no difference whether I consider them.

[5] Barnes asserts age discrimination claims against the Board under federal and state law, race and sex discrimination claims against the individual defendants under federal law, and race discrimination and retaliation claims against all defendants under federal law. The *McDonnell Douglas* framework applies to each claim. *See Sims v. MVM, Inc.*, 704 F.3d 1327, 1332 (11th Cir. 2013) (ADEA age discrimination); *Johnson v. Miami-Dade Cnty.*, 948 F.3d 1318, 1325 (11th Cir. 2020) (FCRA and § 1983 discrimination claims); *Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1307 (11th Cir. 2023) (§ 1981 retaliation).

3

First, under *McDonnell Douglas*, Barnes must make out a prima facie case of discrimination. *Tynes v. Fla. Dep't of Juv. Just.*, 88 F.4th 939, 944 (11th Cir. 2023), *cert. denied*, 145 S. Ct. 154 (2024). If she does, then Defendants have the "exceedingly light" burden of proffering a nondiscriminatory basis for the action. *See Yelling v. St. Vincent's Health Sys.*, 82 F.4th 1329, 1340 (11th Cir. 2023). If Defendants do so, the burden shifts back to Barnes to show that the asserted justification was a pretext for discrimination. *Tynes*, 88 F.4th at 944.

To establish a prima facie case, Barnes must show "(1) she belongs to a protected class; (2) she was subjected to an adverse employment action; (3) she was qualified to perform the job in question; and (4) her employer treated 'similarly situated' employees outside her class more favorably." *Id.* (cleaned up) (quoting *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)); *see also Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1221-22 (11th Cir. 2019) (en banc).

It is not clear Barnes can make a prima facie case on any basis—age, sex, or race. But even assuming she did, her claims still would not survive the *McDonnell Douglas* framework because Defendants offered a nondiscriminatory justification for choosing other candidates: they scored better. *See* ECF No. 69 at 8. In response, Barnes pointed to no evidence that Defendants' asserted reason is pretextual and that the real reason was her age, sex, or race.

Defendants submitted evidence showing how the Board's hiring committee quantified candidates' interview performances. Each interviewer scored each candidate based on their answers to five questions. Most interviewers viewed Barnes's answers as deficient in both the 2019 and 2020 hiring cycles, especially compared to those of other candidates. *See, e.g.*, ECF No. 69-11 (showing that three of the four interviewers gave Barnes the lowest interview score of the six candidates). *Compare* ECF No. 69-3 (scoring candidate April Knight a 99.5), *and* ECF No. 69-4 (scoring Jason Koerner a 95), *with* ECF No. 69-8 (scoring Barnes a 72). Barnes's poor interview performances, as reflected by her low scores, is a nondiscriminatory justification for the Board's decision not to promote her to school principal. That means Barnes had to point to evidence from which one could conclude that justification was merely pretext. She has not.

Barnes had to identify evidence showing both that Defendants' stated reason for not promoting her was false and that the real reason was discrimination. *Poer v. Jefferson Cnty. Comm'n*, 100 F.4th 1325, 1336 (11th Cir. 2024). Yet she points to no evidence suggesting Defendants' decision was based on anything other than poor interview performances and correspondingly low scores.[6] As to the 2020 hiring

---

[6] Barnes's complaint alleges the "interview sheets revealed Defendant Gregory shows favor for younger white males in 2019 [and] younger white females in 2020." ECF No. 50 at 12 ¶ 13. In reality, the interview sheets show Defendant Gregory went beyond the requirements of the interview scoring rubric, writing

process, she claims Defendant Gregory's lack of participation meant Barnes "was given a '0' for her interview score." ECF No. 67 at 15. But she points to no evidence from which a reasonable jury could infer the Board treated it that way. There are several commonsense ways to account for one interviewer's lack of input, such as by comparing the candidates' average score or by comparing Barnes's scores from her four interviewers to the other candidates' scores from those same four interviewers. Regardless, Barnes points to no evidence that Gregory's lack of participation was because of Barnes's age, sex, or race. In sum, Barnes has pointed to no evidence suggesting Defendants' asserted justification was pretext for discrimination. Thus, she cannot rely on the *McDonnell Douglas* framework to survive summary judgment.

    Similarly, Barnes has fallen short of satisfying the ordinary summary judgment standard. She has not pointed to anything suggesting discrimination on any basis. She certainly has not offered a "convincing mosaic" of circumstantial evidence of discrimination. Notably, several people within Barnes's protected classes received high scores and won principal positions. *See e.g.*, ECF Nos. 69-3,

---

additional notes about each candidate explaining her scores, using reasons that were neutral as to age, sex, and race. For example, on her 2019 scoresheet for Barnes, Gregory wrote that Barnes's responses were not given in the requested format and that she had failed to communicate the past results she had achieved. ECF No. 69-8 at 4; ECF No. 67-16 at 4. By contrast, on other candidates' scoresheets, Gregory listed the responses that the candidates gave. *See, e.g.*, ECF No. 67-16 at 1, 3.

69-13 (40-year-old black female April Knight appointed as principal); ECF No. 69-5, 69-13 (46-year-old black female Sylvia Myers appointed as principal); ECF Nos. 69-8; 69-13; 69-14 (Terri Martin, older than Plaintiff, received higher scores from most interviewers, including Defendant Gregory).[7] It was Barnes's burden to present evidence that the reason for the Board's decision was her age, sex, or race, and she did not carry that burden. Defendants are entitled to summary judgment on the discrimination claims.

Barnes's retaliation claim also fails. Like her discrimination claims, the retaliation claim can survive summary judgment under the *McDonnell Douglas* framework or with a convincing mosaic of evidence suggesting retaliation.

To make out a prima facie case under *McDonnell Douglas*, Barnes had to show (1) she engaged in a protected activity; (2) she faced an adverse employment action; and (3) a causal connection between the two. *Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1307 (11th Cir. 2023). Barnes asserts she engaged in protected activity by complaining to Defendant Hanna about discrimination in the 2019 hiring cycle, *see* ECF No. 67 at 27-31, but she cites no evidence to support that.

---

[7] Barnes takes issue with comparisons between her scores and April Knight's, saying Knight secured a position Barnes did not seek, making Knight "not a part of Plaintiff's claim." The exhibits do not clearly establish which candidates applied for which positions. But, at minimum, they show that the same people who interviewed Barnes interviewed April Knight, who received higher scores and ultimately became a principal.

7

But even if there were evidence establishing a prima facie case, Barnes's retaliation claim would still fail under *McDonnell Douglas*, for many of the same reasons discussed above. Defendants proffered a non-retaliatory reason for not promoting Barnes—her poor interview performance and evaluation by the committee. And Barnes has not pointed to anything suggesting that reason is pretext or that Defendants' real motive was retaliation. There is no close temporal connection between the alleged protected activity and the adverse employment action.[8] And she has not identified evidence that Gregory's intent in sitting out her interview was to disadvantage Barnes. Nor has she provided any evidence that the decision was made for any reason except for her low interview scores.

This lack of evidence also means Barnes has not provided a convincing mosaic of evidence that could support a finding of retaliation. Defendants are entitled to summary judgment on this claim.

The bottom line is straightforward. Barnes has not pointed to evidence that anything Defendants did was unlawful. Defendants are entitled to summary judgment on all claims.

---

[8] Plaintiff asserts that she complained on September 4, 2019. ECF No. 67 at 27. She asserts Defendants retaliated at June 2020 interviews. *Id.*

It is now ORDERED:

1. The report and recommendation (ECF No. 80) is approved to the extent consistent with the discussion above.

2. The "Motion of Notice to Allow Relavant (sic) and New Evidence" (ECF No. 85) is DENIED.

3. Defendants' motion to strike Plaintiff's objections (ECF No. 89) is DENIED. The court has considered Plaintiff's objections, which are now OVERRULED.

4. The "Motion on Clarity and Confirmation on Third Report and Recommendation" (ECF No. 86) and "Motion to Update Title to Plaintiff Objection to Third Report and Recommendation" (ECF No. 88) are DENIED as moot.

5. Defendants' motion for summary judgment (ECF No. 69) is GRANTED. Plaintiff's motion (ECF No. 67) is DENIED.

6. The clerk will enter a judgment that says, "Plaintiff's claims are dismissed on the merits. Plaintiff shall take nothing."

7. The clerk will then close the file.

SO ORDERED on March 24, 2025.

s/ *Allen Winsor*  
United States District Judge